JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark <br> ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

Patrick R. McHugh

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    /s/ Patrick R. McHugh    _____

                         *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| *A.* | *Federal Question Cases:* | *B.* | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____    _____    _____

                         *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY JONES** | : |
| | : |
| **v.** | : |
| | : **NO:** |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **INSURANCE COMPANY** | : |
| | : |

## NOTICE OF REMOVAL

AND NOW, comes the defendant, State Farm Mutual Automobile Insurance Company [hereinafter 'Defendant' or "State Farm"], for the purpose only of filing this notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No: 210202563

2.      The action was initiated by the filing of a complaint on February 26, 2021.  A copy of the Complaint is attached hereto as Exhibit "A".

3.      Plaintiff served a copy of the Complaint on Defendant on March 5, 2021.

4.      Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5.      State Farm is now, and was at the time Plaintiff filed his Complaint, an insurance company organized and existing under the laws of the State of Illinois with a principal place of business in Illinois, and therefore, is a citizen of Illinois for purposes of determining diversity.  28 U.S.C. § 1332( c)(1).

6.      Defendant is a citizen of Illinois and Plaintiff is a citizen of Pennsylvania. Complete diversity existed between the parties both at the time of the filing of the Complaint and

at the time of the filing of this notice of removal.

7.     Plaintiff's Complaint seeks underinsured motorist benefits in an amount in excess of $50,000. Exhibit A, Count I.

8.     The amount in controversy in this matter is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, in that Plaintiff:

> (a) alleges in his Complaint that State Farm has failed to pay his underinsured motorist claim arising out of a car accident on April 21, 2017;
>
> (b) alleges in paragraph 17 of the Complaint that Plaintiff sustained severe injuries including cervical sprain and strain, cervical disc herniation at C2-3, through C4-5, cervical disc protrusions, at C5-6 through C7-T1, bilateral cervical radiculopathy at C6, thoracic sprain and strain, lumbar sprain and strain, lumbar disc protrusions at L3-4 through L5-S1, and myofasciitis.
>
> (c) alleges in paragraph of 18, 19, and 20 of the Complaint that Plaintiff sustained permanent and serious impairment of important bodily functions, pain and suffering, emotional distress, past lost earnings, and future earning capacity; and,
>
> (d) Plaintiff's Complaint alleges that State Farm has breached its contract by not paying underinsured motorist benefits. However, plaintiff did not attach any policy documents to the complaint.  State Farm, therefore, attaches as Exhibit "B" to its removal petition, Mr. Jones' insurance policy documents together with a letter from State Farm explaining why the policy was reformed due to a missing coverage selection form to provide $100,000 in non-stacked underinsured motorist benefits.

9.     28 U.S.C. §1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

10.     State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446(b).

11.     This notice of removal was filed within 30 days of State Farm's receipt of Plaintiff's Complaint.

12.     The averments made herein are true and correct with respect to the date upon which

Plaintiff filed his Complaint, the date upon which State Farm received Plaintiff's Complaint by service or otherwise, and the amount of underinsured motorist coverage available for Plaintiff's claim.

13.     State Farm has simultaneously with the filing of this notice of removal given written notice to Plaintiff.

14.     State Farm is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of Philadelphia County.

WHEREFORE, State Farm Mutual Automobile Insurance Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:   ___*/s/Patrick R. McHugh*_____
          PATRICK MCHUGH
          Attorney I.D. No, 325953
          Centre Square, West Tower
          1500 Market Street, 32nd Floor
          Philadelphia, PA 19102
          215-561-4300
          patrick.mchugh@bbs-law.com
          Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY JONES** | : |
| | : |
| **v.** | : |
| | :   **NO:** |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **INSURANCE COMPANY** | : |
| | : |

## <u>NOTICE TO PLAINTIFF</u>

TO:    Gregory Jones
c/o Marc F. Greenfield, Esquire
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
Two Penn Center Plaza, Suite 200
1500 J.F.K Boulevard
Philadelphia, PA 19102

Please take notice that defendant, State Farm Mutual Automobile Insurance Company by its attorneys Bennett, Bricklin & Saltzburg LLC, have filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, No. 210202563 captioned <u>Gregory Jones v. State Farm Mutual Automobile Insurance Company</u>.

Respectfully Submitted:

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    ***/s/ Patrick R. McHugh***
PATRICK MCHUGH
Attorney I.D. No, 325953
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
215-561-4300
patrick.mchugh@bbs-law.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY JONES** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **NO:** |
| **STATE FARM MUTUAL AUTOMOBILE** | **:** | |
| **INSURANCE COMPANY** | **:** | |
| | **:** | |

**PROOF OF FILING**

Patrick R. McHugh, Esquire, being duly sworn according to law, deposes and says that he

is an attorney in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for Defendant, State

Farm Mutual Automobile Insurance Company, and that he did direct the filing with the

Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of

Removal attached hereto, said filing being made electronically on April 2, 2021.

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:   ___*/s/ Patrick R. McHugh*___
       PATRICK MCHUGH
       Attorney I.D. No, 325953
       Centre Square, West Tower
       1500 Market Street, 32nd Floor
       Philadelphia, PA 19102
       215-561-4300
       patrick.mchugh@bbs-law.com
       Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY JONES** | : |
| | : |
| **v.** | : |
| | : **NO:** |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **INSURANCE COMPANY** | : |
| | : |

## PROOF OF SERVICE

Patrick R. McHugh, Esquire, after being first duly sworn upon oath, deposes and says that he is an attorney in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the Defendant, State Farm Mutual Automobile Insurance Company, and that he did serve this 2nd  day of  April , 2021,  the aforementioned Notice to Plaintiff upon the individual named below via email and electronic service through the Court of Common Pleas of Philadelphia County.

Gregory Jones
c/o Marc F. Greenfield, Esquire
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
Two Penn Center Plaza, Suite 200
1500 J.F.K Boulevard
Philadelphia, PA 19102

Respectfully Submitted:

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:___*/s/ Patrick R. McHugh*_____
        PATRICK MCHUGH
        Attorney I.D. No, 325953
        Centre Square, West Tower
        1500 Market Street, 32nd Floor
        Philadelphia, PA 19102
        215-561-4300
        patrick.mchugh@bbs-law.com
        Attorney for Defendant

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2021**

E-Filing Number: 2102048498

**002563**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GREGORY JONES | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5474 ARLINGTON STREET<br>PHILADELPHIA PA 19131 | 1 STATE FARM PLAZA<br>BLOOMINGTON IL 61710-0001 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**

FEB 26 2021

**G. IMPERATO**

IS CASE SUBJECT TO COORDINATION ORDER?

YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GREGORY JONES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC F. GREENFIELD | TWO PENN CENTER PLAZA<br>1500 JFK BOULEVARD<br>SUITE 200<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)985-2424 | (215)545-6117 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62081 | efile@injuryline.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARC GREENFIELD* | Friday, February 26, 2021, 10:43 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART, P.C.**
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081                                    **MAJOR JURY**
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424                                     Attorney for plaintiff

*Filed and Attested by the Office of Judicial Records 26 FEB 2021 10:43 am G. IMPERATO*

| | | |
|---|---|---|
| **GREGORY JONES** | : | COURT OF COMMON PLEAS |
| 5474 Arlington Street | : | COUNTY OF PHILADELPHIA |
| Philadelphia, PA 19131 | : | CIVIL TRIAL DIVISION |
| v. | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY** | : | |
| 1 State Farm Plaza | : | |
| Bloomington, IL 61710-0001 | : | |
| | : | |

## 1C - CONTRACT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
    One Reading Center
    Philadelphia, Pennsylvania 19107
    (215) 238-6333
    TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL
    One Reading Center
    Filadelfia, Pennsylvania 19107
    Teléfono: (215) 238-6333
    TTY: (215) 451-6197

Case ID: 210202563

## 1C - CONTRACT

1.      Plaintiff, Gregory Jones, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, State Farm Mutual Automobile Insurance Company (hereafter "State Farm"), is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address at the address listed in the caption of this Complaint.

3.      On or about April 21, 2017 plaintiff operated a motor vehicle at or near 2700 Germantown Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

4.      At the same date and time tortfeasor, Jonee Jasper, (hereinafter referred to as "the tortfeasor"), owned and operated a motor vehicle at or near 2700 Germantown Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

5.      Suddenly and without warning, the tortfeasor negligently and/or carelessly operated tortfeasor's motor vehicle in such a manner as to be the sole cause of a collision with the plaintiff, seriously injuring the plaintiff.

6.      As a result of this accident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

7.      Plaintiff filed a Civil Complaint against the tortfeasors, in the Court of Common Pleas, Philadelphia County, protecting the subrogation rights of defendant herein.

8.      At the time of the accident, the tortfeasor had an insurance policy covering the tortfeasor for this accident in the amount of fifteen thousand dollars ($15,000).

9.      The tortfeasor's carrier tendered fifteen thousand dollars ($15,000) to resolve the

Case ID: 210202563

third-party claim.

10.     Plaintiff, settled their claim against the tortfeasors for the tortfeasor's policy limits with the consent of the defendant.

11.     At the time of the aforesaid accident, plaintiff was covered by a policy of insurance issued in the Commonwealth of Pennsylvania by defendant State Farm under policy number 301 6165-F21-38C, which included coverage for underinsured motorist coverage.

12.     At the time of the motor vehicle accident, the aforesaid policy of insurance was in full force and effect and plaintiff was entitled to coverage for medical payments.

13.     At the time of the motor vehicle accident, the aforesaid policy of insurance provided for underinsured motorist coverage up to fifty thousand dollars ($50,000.00) for the plaintiff.

14.     Because the tortfeasor did not carry sufficient liability coverage to fully compensate plaintiff, plaintiff asserted a claim against defendant for underinsured motorist benefits arising out of the above-stated automobile accident.

15.     Plaintiff made a demand for underinsured motorist benefits from defendant and said demand was denied.

### COUNT I
### Gregory Jones v. State Farm Mutual Automobile Insurance Company

16.     Plaintiff, Gregory Jones, incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

17.     As a direct result of the negligent and/or careless conduct of tortfeasor, the

3

Case ID: 210202563

plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical sprain and strain, cervical disc herniations at C2-3 through C4-5, cervical disc protrusions at C5-6 through C7-T1, bilateral cervical radiculopathy at C6, thoracic sprain and strain, lumbar sprain and strain, lumbar disc protrusions at L3-4 through L5-S1, myofasciitis,, and any other ills and injuries all to plaintiff's great loss and detriment.

18.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19.     As an additional result of the carelessness and/or negligence of the tortfeasor, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

21.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

22.     To date, defendant has refused to pay plaintiff underinsured motorist coverage

4

Case ID: 210202563

benefits to which plaintiff is entitled pursuant to the aforesaid policy of insurance.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


> **SPEAR, GREENFIELD,**
> **RICHMAN, WEITZ & TAGGART, P.C.**
>
> _____
> **BY:    MARC F. GREENFIELD, ESQUIRE**


**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
jlg

Case ID: 210202563

## V E R I F I C A T I O N

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

# EXHIBIT "B"

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



April 17, 2020

Spear, Greenfield, Richman, PC          **State Farm Claims**
Ste 200                                 PO Box 106171
1500 John F Kennedy Blvd                Atlanta GA 30348-6171
Philadelphia PA  19102-1754

RE:   Claim Number:          38-1597-2V6
      Date of Loss:          April 21, 2017
      Our Insured:           Gregory Jones
      Your Client(s):        Gregory Jones

Dear Rand Spear:

As you may recall, I have been assigned to service Gregory Jones' underinsured motorist claim. A search of our policy records revealed that we do not have the required Underinsured Motorist Reduction of Coverage form on file. Therefore, the policy has been reformed from Underinsured Motorist coverage $50,000.00 per person to $100,000.00 per person.  Enclosed you will find the policy documents.

We are requesting your demand.

If you have any questions, please contact us.

Sincerely,

Daniele Smith
Claim Specialist
(844) 292-8615 Ext. 355
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company

Enclosure: Declarations Page Tort Selection Form and Selection/Rejection UIM Form



State Farm Mutual Automobile Insurance Company
State Farm Fire and Casualty Company

## UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

_____          01-30-2017
Signature of first Named Insured                                          Date (MM/DD/YYYY)

**FOR COMPANY USE ONLY** *(Rejection of Stacked Underinsured Coverage Limits)*

**JONES, GREGORY**
Named Insured(s)/Applicant(s) (as appearing on the application or policy)

**301 6165-F21-38**                                    **38-9FE0**
Application/Policy number                              Agent code

1003883  PAq.2                                        2002 149051 200 03-23-2016

**State Farm Mutual Automobile Insurance Company**
*One State Farm Dr*
*Concordville, PA 19339*



NAMED INSURED
AT2                     38-9FE0-2  S       A
        004892  0058
JONES, GREGORY
455 OLD BRIDGE RD APT B
BENSALEM PA  19020-7764

ST-6
0184-0106

| | |
|---|---|
| **DECLARATIONS PAGE** | |
| NAIC#   25178 | **PAGE 1 OF 2** |
| POLICY NUMBER | 301 6165-F21-38C |
| POLICY PERIOD | JAN 18 2017 to JUN 21 2017 |
| 12:01 A.M. Standard Time | |

STATE FARM PAYMENT PLAN NUMBER
1222682713

AGENT

MORRIS INS AND FIN SVCS INC
780 NEWTOWN YARDLEY RD STE 312
NEWTOWN, PA 18940-4502

PHONE:(215)860-2200

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

### YOUR CAR

| VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|---|
| 1 | 2017 | DODGE | JOURNEY | SPORT WG | 3C4PDCGB0HT507703 | 603H60A000 |
| 2 | 2007 | BMW | 650I | 2DR | WBAEH13567CR53569 | 603060A000 |

| SYMBOLS | COVERAGE & LIMITS | | PREMIUMS |
|---|---|---|---|
| | | 2017 DODGE | 2007 BMW |
| A | Liability Coverage | $244.93 | $257.20 |
| | Bodily Injury Limits | | |
| | Each Person,  Each Accident | | |
| | $100,000      $300,000 | | |
| | Property Damage Limit | | |
| | Each Accident | | |
| | $50,000 | | |
| C2 | Medical Payments Coverage | $29.66 | $27.14 |
| | Limit - Each Person | | |
| | $5,000 | | |
| D | Comprehensive Coverage - $500 Deductible | $48.85 | $74.33 |
| G | Collision Coverage - $500 Deductible | $246.33 | $328.86 |
| H | Emergency Road Service Coverage | $1.94 | $2.53 |
| R1 | Car Rental and Travel Expenses Coverage | | $12.77 |
| | Limit - Car Rental Expense | | |
| | Each Day,   Each Loss | | |
| | $25      $600 | | |
| R1 | Car Rental and Travel Expenses Coverage | $13.08 | |
| | Limit - Car Rental Expense | | |
| | Each Day,   Each Loss | | |
| | 80%      $1,000 | | |
| U3 | Uninsured Motor Vehicle Coverage | $7.55 | $7.31 |
| | Bodily Injury Limits | | |
| | Each Person,  Each Accident | | |
| | $50,000      $100,000 | | |
| W3 | Underinsured Motor Vehicle Coverage | $30.83 | $29.09 |
| | Bodily Injury Limits | | |
| | Each Person,  Each Accident | | |
| | $50,000      $100,000 | | |
| Q | Extraordinary Medical Payments Coverage | $12.42 | $12.42 |
| | **Total Premium Per Vehicle** | $635.59 | $751.65 |

| | |
|---|---|
| **Total premium for JAN 18 2017 to JUN 21 2017.** | This is not a bill. |

CONTINUED

See Reverse Side

14379/04750
120333.4 12-24-2014  (o1a025ie)
I1MX0N        (o1a025se)

This policy is issued by State Farm Mutual Automobile Insurance Company.

### MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yaudell*
Secretary

*Michael F. Tipson*
President

THIS MESSAGE APPLIES TO CAR POLICIES:

IF YOU HAVE "COLLISION" COVERAGE ON THIS POLICY, YOU ALSO HAVE "COLLISION" COVERAGE ON ANY RENTED CAR WHILE IT IS DRIVEN BY OR IN THE CUSTODY OF AN INSURED.

PLEASE NOTE THESE LIMITATIONS AND EXCEPTIONS:

1. THIS COVERAGE APPLIES FOR NO MORE THAN 30 CONSECUTIVE DAYS BEGINNING ON THE DAY YOU BEGIN USING THE CAR.

2. THIS AUTOMATIC EXTENSION OF COVERAGE IS FOR COLLISION COVERAGE ONLY. NO OTHER CHARGES IMPOSED BY YOUR RENTAL AGREEMENT ARE COVERED.

3. THIS COVERAGE IS SECONDARY TO OTHER INSURANCE CARRIED ON A RENTED CAR AND IS SUBJECT TO ALL OTHER POLICY PROVISIONS AND APPLICABLE ENDORSEMENTS.

THIS MESSAGE APPLIES TO RECREATIONAL VEHICLE POLICIES:

ANY "PHYSICAL DAMAGE" COVERAGE THAT YOU MAY HAVE ON THIS POLICY DOES NOT APPLY TO RENTED RECREATIONAL VEHICLES.

**State Farm Mutual Automobile Insurance Company**
*One State Farm Dr*
*Concordville, PA 19339*

| | **DECLARATIONS PAGE** |
|---|---|
| NAIC# 25178 | **PAGE 2 OF 2** |

NAMED INSURED  004892  0058      38-9FE0-2 S      A

JONES, GREGORY
455 OLD BRIDGE RD APT B
BENSALEM PA  19020-7764

| POLICY NUMBER | 301 6165-F21-38C |
|---|---|
| POLICY PERIOD 12:01 A.M. Standard Time | JAN 18 2017 to JUN 21 2017 |

STATE FARM PAYMENT PLAN NUMBER
1222682713

ST-6
0284-0106

---

### IMPORTANT MESSAGES

Replaced policy number 3016165-38B.

**Your total renewal premium for DEC 21 2016 to JUN 21 2017 is $1,643.67.**
Vehicle 1 $753.07, Vehicle 2 $890.60.

State Farm works hard to offer you the best combination of price, service, and protection.  The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

---

### EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

```
YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9838A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE
CREDITOR- CAR 1 CHRYSLER CAPITAL, PO BOX 3610, CARMEL IN 46082-3610.
CAR 1,2
6126LN    AMENDATORY ENDORSEMENT.
6126MV    AMENDATORY ENDORSEMENT.
6128DM    AMENDATORY ENDORSEMENT.
6938A.1   AMENDATORY ENDORSEMENT.
THIS POLICY PROVIDES LIMITED TORT OPTION.
```

Agent:      MORRIS INS AND FIN SVCS INC

Telephone: (215)860-2200

Prepared    JAN 25 2017      9FE0-B11

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yaxwell*
Secretary

*Michael T. Tipsord*
President

THIS MESSAGE APPLIES TO CAR POLICIES:

IF YOU HAVE "COLLISION" COVERAGE ON THIS POLICY, YOU ALSO HAVE "COLLISION" COVERAGE ON ANY RENTED CAR WHILE IT IS DRIVEN BY OR IN THE CUSTODY OF AN INSURED.

PLEASE NOTE THESE LIMITATIONS AND EXCEPTIONS:

1. THIS COVERAGE APPLIES FOR NO MORE THAN 30 CONSECUTIVE DAYS BEGINNING ON THE DAY YOU BEGIN USING THE CAR.

2. THIS AUTOMATIC EXTENSION OF COVERAGE IS FOR COLLISION COVERAGE ONLY. NO OTHER CHARGES IMPOSED BY YOUR RENTAL AGREEMENT ARE COVERED.

3. THIS COVERAGE IS SECONDARY TO OTHER INSURANCE CARRIED ON A RENTED CAR AND IS SUBJECT TO ALL OTHER POLICY PROVISIONS AND APPLICABLE ENDORSEMENTS.

THIS MESSAGE APPLIES TO RECREATIONAL VEHICLE POLICIES:

ANY "PHYSICAL DAMAGE" COVERAGE THAT YOU MAY HAVE ON THIS POLICY DOES NOT APPLY TO RENTED RECREATIONAL VEHICLES.

**6126LN AMENDATORY ENDORSEMENT**

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

**1. THIS POLICY**

5. The following is added (this replaces item 1. of endorsement 6938A.1):

*Your* purchase of this policy may allow:

a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies*, subject to their applicable eligibility rules; or

b. the premium or price for other: (1) insurance; (2) financial; (3) vehicle; (4) home; (5) electronic; or (6) travel products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the *State Farm Companies* or by an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

**2. LIABILITY COVERAGE**

**Insuring Agreement and Supplementary Payments** are replaced by the following:

**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:

a. *bodily injury* to others; and

b. damage to property

© Copyright, State Farm Mutual Automobile Insurance Company, 2011

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

2. *We* have the right to:

a. investigate, negotiate, and settle any claim or lawsuit;

b. defend an *insured* in any claim or lawsuit, with attorney's chosen by *us*; and

c. appeal any award or legal decision for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

a. that seeks damages payable under this policy's Liability Coverage; and

b. against which *we* defend an *insured* with attorney's chosen by *us*.

*We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

Page 1 of 3

6126LN

3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

a. before a judgment, but only the interest on the lesser of:

(1) that part of the damages *we* pay; or

(2) this policy's applicable Liability Coverage limit; and

b. after a judgment.

*We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

a. loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request: (1) an arbitration; (2) a mediation; or (3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an *insured* at *our* request other than

Page 2 of 3

© Copyright, State Farm Mutual Automobile Insurance Company, 2011

loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be incurred for *us* before *we* will pay such incurred costs or expenses.

**3. GENERAL TERMS**

a. The following is added to **2. Where Coverage Applies:**

**Death, Dismemberment and Loss of Sight Coverage** applies worldwide.

b. The following is added (this replaces item 5.a. of endorsement 6939A.1):

**Limited Coverage in Mexico**

This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

a. **Liability Coverage**

b. **Medical Payments Coverage, Extraordinary Medical Payments Coverage, Loss of Income Coverage,** and **Funeral Benefits Coverage**

c. **Physical Damage Coverages**

Any amount payable for the repair or replacement of the *covered vehicle* under this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

6126LN

14381/04750
ED1

9040-P600
91S

## 6126MV AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **LIABILITY COVERAGE**
   **If Other Liability Coverage Applies**
   The following is added to item 2.:

   The Liability Coverage provided by this policy applies as primary coverage for the use of a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

   1. transported;
   2. serviced;
   3. repaired; or
   4. inspected

   by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

2. **PHYSICAL DAMAGE COVERAGES**
   **If Other Physical Damage Coverage or Similar Coverage Applies**
   The following is added to item 3.:

   The Comprehensive Coverage and the Collision Coverage provided by this policy apply as primary coverage for a *loss* to a motor vehicle loaned to *you* by a motor vehicle dealer while *your car* is being:

   1. transported;
   2. serviced;
   3. repaired; or
   4. inspected

   by that motor vehicle dealer. Such motor vehicle must be loaned to *you* without financial remuneration in the form of a fee, rental charge, or lease charge paid directly by *you*.

Page 1 of 1

© Copyright, State Farm Mutual Automobile Insurance Company, 2016

6126MV

## 6938A.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**
   The following is added:

   b. *State Farm Companies* is changed to read:

   *State Farm Companies* means one or more of the following:

   1. State Farm Mutual Automobile Insurance Company;
   2. State Farm Fire and Casualty Company; and
   3. Subsidiaries or affiliates of either 1. or 2. above.

   5. *Your* purchase of this policy may allow *you* to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the *State Farm Companies*, subject to their applicable eligibility rules.

2. **DEFINITIONS**

   a. *Serious injury* is changed by deleting item 1.e. and adding the following:

   4. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a private passenger motor vehicle if that vehicle is described on a policy under which full tort rights were elected and that individual is:

   a. residing in the household of any individual identified by name as an insured under that policy; and

   b. either:

   (1) a spouse or other relative of any individual identified by name as an insured under that policy; or

   (2) a minor in the custody of either such named insured or relative of such named insured.

   b. The exception to exclusion 11. is changed to read:

   This exception does not apply to a:

   a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

3. **LIABILITY COVERAGE**
   **Exclusions**

   a. Exclusion 2. is deleted.

   b. The exception to exclusion 8. is changed to read:

   This exception does not apply to:

   a. *you*;

   b. any *resident relative*; or

   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

Page 1 of 2

© Copyright, State Farm Mutual Automobile Insurance Company, 2008

6938A.1

14381/04750

b. residence while rented to or leased to an *insured*; or

c. private garage while rented to or leased to an *insured*.

2. the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*.

## 4. UNINSURED MOTOR VEHICLE COVERAGES

**Additional Definitions — Coverages U and U3**

Item 2. under "*Uninsured Motor Vehicle*" means a land motor vehicle:" is changed to read:

## 5. GENERAL TERMS

a. The following is added to 2. **Where Coverage Applies**.

Liability Coverage, Medical Payments Coverage, Extraordinary Medical Payments Coverage, Loss of Income Coverage, Funeral Benefits Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States of America border. A Physical Damage Coverage *loss* in Mexico is determined on the basis of cost at the nearest United States of America point.

b. The following is added to 4. **Changes to This Policy**:

d. **Change of Policy Address**

*We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

c. **Nonrenewal**

If *we* decide not to renew this policy:

a. because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

b. for any other reason, then at least 60 days before the end of the current policy period

*we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The mailing of the notice will be sufficient proof of notice.

d. The first sentence of b. **How and When We May Cancel** of 8. **Cancellation** is changed to read:

*We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

e. Item b. of 13. **Legal Action Against Us** is deleted.

(1) *you*; or
(2) the United States Postal Service.

c. **7. Nonrenewal** is changed to read:

**7.**

©, Copyright, State Farm Mutual Automobile Insurance Company, 2008

SJ6
6916-0906

14382/04750
ED1



Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

**Pennsylvania**
Policy Form 9838A

# CONTENTS

**THIS POLICY** ................................................. 3

**DEFINITIONS** ............................................... 4

**LIABILITY COVERAGE** ........................... 7

Additional Definition .................................. 7
Insuring Agreement ..................................... 7
Supplementary Payments ........................... 8
Limits .......................................................... 8
Nonduplication ........................................... 9
Exclusions ................................................... 9
If Other Liability Coverage Applies.......... 10
Required Out-of-State Liability Coverage  11
Financial Responsibility Certification....... 11

**FIRST PARTY COVERAGES** ................... 12

Additional Definitions – Coverages C2, Q, Z, Y, and F ................................................. 12

MEDICAL PAYMENTS –
COVERAGE C2 ...................................... 12
Insuring Agreement – Coverage C2 .......... 12

EXTRAORDINARY MEDICAL PAY-
MENTS – COVERAGE Q ...................... 13
Insuring Agreement and Limits –
Coverage Q .............................................. 13

LOSS OF INCOME – COVERAGE Z ..... 14
Insuring Agreement – Coverage Z ............ 14

DEATH, DISMEMBERMENT AND LOSS
OF SIGHT – COVERAGE Y .................. 14
Additional Definition – Coverage Y ......... 14
Insuring Agreement – Coverage Y ............ 14
Payments of Benefits – Coverage Y ......... 15

FUNERAL BENEFITS –
COVERAGE F......................................... 15
Insuring Agreement – Coverage F ............ 15

Limits – Coverage C2 ............................... 15
Limits – Coverage Z ................................. 15
Limits – Coverage Y ................................. 15
Limits – Coverage F.................................. 15
Limits – Coverages C2, Q, Z, Y, and F ..... 15

Priorities for the Payment of First Party
Benefits – Coverages C2, Q, Z, Y, and F .. 15

Exclusions – Coverages C2, Q, Z, Y, and F.... 16

Mental or Physical Examination – Coverages
C2, Q, Z, Y, and F ..................................... 16
COMBINED BENEFITS –
COVERAGE M ....................................... 17

Insuring Agreement – Coverage M ........... 17
Limits – Coverage M................................. 17
Time Limitation – Coverage M ................. 17
Other Provisions – Coverage M ................ 17

**UNINSURED MOTOR VEHICLE
COVERAGES** ............................................. 17

Additional Definitions – Coverages U
and U3 ....................................................... 17
Insuring Agreement – Coverages U
and U3 ....................................................... 18
Consent to Settlement – Coverages U
and U3 ....................................................... 19
Deciding Fault and Amount – Coverages U
and U3 ....................................................... 19
Limits – Coverages U and U3 ................... 19
Limits – Coverage U3 ............................... 20
Nonduplication – Coverages U and U3 ..... 20
Exclusions – Coverages U and U3 ........... 20
Exclusions – Coverage U  ......................... 20
Exclusions – Coverage U3  ....................... 21
If Other Uninsured Motor Vehicle Coverage
Applies – Coverage U ................................ 21
If Other Uninsured Motor Vehicle Coverage
Applies – Coverage U3 .............................. 21
Our Payment Options – Coverages U
and U3 ....................................................... 22

**UNDERINSURED MOTOR VEHICLE
COVERAGES** ............................................. 23

Additional Definitions – Coverages W
and W3 ...................................................... 23
Insuring Agreement – Coverages W
and W3 ...................................................... 24
Consent to Settlement – Coverages W
and W3 ...................................................... 24
Deciding Fault and Amount – Coverages W
and W3 ...................................................... 24
Limits – Coverages W and W3.................. 25
Limits – Coverage W3 ............................... 25
Nonduplication – Coverages W and W3 ... 25

Exclusions – Coverages W and W3 .......... 26
Exclusions – Coverage W ......................... 26
Exclusions – Coverage W3 ....................... 26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W .............. 26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W3 ............. 27
Our Payment Options – Coverages W
and W3 ..................................................... 28

**PHYSICAL DAMAGE COVERAGES** .... 28
Additional Definitions.............................. 28
Insuring Agreements ................................. 29
Supplementary Payments – Comprehensive
Coverage and Collision Coverage............. 31
Limits and Loss Settlement – Comprehensive
Coverage and Collision Coverage............... 31
Limits – Car Rental and Travel Expenses
Coverage ................................................... 33
Nonduplication.......................................... 33
Exclusions ................................................. 33
If Other Physical Damage Coverage or
Similar Coverage Applies .......................... 35
Financed Vehicle ....................................... 36
Our Payment Options ............................... 36

**INSURED'S DUTIES**................................ 37
Notice to Us of an Accident or Loss.......... 37
Notice to Us of a Claim or Lawsuit........... 37
Insured's Duty to Cooperate With Us........ 37
Questioning Under Oath............................ 37
Other Duties Under the Physical
Damage Coverages..................................... 38
Other Duties Under First Party Coverages,
Uninsured Motor Vehicle Coverages, and
Underinsured Motor Vehicle Coverages ... 38

**GENERAL TERMS**................................... 39
When Coverage Applies............................ 39
Where Coverage Applies........................... 39
Newly Owned or Newly Leased Car......... 39
Changes to This Policy.............................. 40
Premium ................................................... 40
Renewal .................................................... 41
Nonrenewal ............................................... 41
Cancellation.............................................. 41
Assignment................................................ 42
Bankruptcy or Insolvency of the Insured .. 42
Concealment or Fraud ............................... 42
Our Right to Recover Our Payments......... 42
Legal Action Against Us ........................... 42
Choice of Law ........................................... 43
Severability................................................ 43

## THIS POLICY

1. This policy consists of:

   a. the most recently issued Declarations Page;

   b. the policy booklet version shown on that Declarations Page; and

   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2. This policy contains all of the agreements between all named insureds and applicants and:

   a. *us*; and

   b. any of *our* agents.

3. *We* agree to provide insurance according to the terms of this policy:

   a. based on payment of premium for the coverages chosen; and

   b. unless otherwise stated in EXCEP-TIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:

      (1) The named insured is the sole owner of *your car*.

      (2) Neither *you* nor any member of *your* household has, within the past three years, had:

(a) vehicle insurance canceled or nonrenewed by an insurer; or

(b) either:

   (i)  a license to drive; or

   (ii) a vehicle registration suspended, revoked, or refused.

(3) *Your car* is used for pleasure and business.

4. All named insureds and applicants agree by acceptance of this policy that:

   a.  the statements in 3.b. above are made by the named insured or applicant and are true; and

   b.  *we* provide this insurance on the basis those statements are true.


## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy.  Each coverage includes additional definitions only for use with that coverage.  These definitions apply to the singular, plural, and possessive forms of these words and phrases.  Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

   a.  Mycotoxins;

   b.  Spores;

   c.  Scents; or

   d.  Byproducts.

*Newly Acquired Car* means a *car* newly *owned by you*.  A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes such *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date such *car* is delivered to *you*.

If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the *newly acquired car* is delivered to *you*.

*Non-Owned Car* means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

1. is *owned by*:

   a.  *you*;

4
9838A

b. any *resident relative*;

c. any other *person* who resides primarily in *your* household; or

d. an employer of any *person* described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:

   a. *you*; or

   b. any *resident relative*

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*Occupying* means in, on, entering, or exiting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

*Pedestrian* means a *person* who is not *occupying*:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

*Person* means a human being.

*Private Passenger Car* means:

1. a *car* of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry *persons* and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:

   a. that is not used for:

      (1) wholesale; or

      (2) retail

      pick up or delivery; and

   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

*Resident Relative* means a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above.

See First Party Coverages for the definition of *Resident Relative* used there.

*Serious injury* means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

Unless the injury sustained is a *serious injury*, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

1. An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

   a. is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

   b. is operating a motor vehicle registered in another state;

   c. intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act

or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person;

d. has not maintained financial responsibility as required by Chapter 17 of Title 75 of the Pennsylvania Consolidated Statutes, provided that, nothing in this paragraph shall affect the limitation of section 1731(d)(2) of Title 75 of the Pennsylvania Consolidated Statutes (relating to availability, scope and amount of coverage); or

e. is *occupying* a vehicle both *owned by* a *resident relative* and to which the full tort election applies.

2. An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

3. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

**State Farm Companies** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Any of their affiliates.

**Temporary Substitute Car** means a *car* that is in the lawful possession of the *person* operating it and that:

1. replaces *your car* for a short time while *your car* is out of use due to its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. damage; or

   e. theft; and

2. neither *you* nor the *person* operating it own or have registered.

If a *car* qualifies as both a *non-owned car* and a *temporary substitute car*, then it is considered a *temporary substitute car* only.

**Trailer** means:

1. only those trailers:

   a. designed to be pulled by a *private passenger car*;

   b. not designed to carry *persons*; and

   c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a *car*.

**Us** means the Company issuing this policy as shown on the Declarations Page.

**We** means the Company issuing this policy as shown on the Declarations Page.

**You** or **Your** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then "*you*" or "*your*" includes the spouse of the first *person* shown as a named insured if the spouse resides primarily with that named insured.

*Your Car* means a vehicle shown under YOUR CAR on the Declarations Page.  *Your Car* does not include a vehicle that *you* no longer own or lease.

If a *car* is shown on the Declarations Page under YOUR CAR, and *you* ask *us* to replace it with a *car* newly *owned by you*, then the *car* being replaced will continue to be considered *your car* until the earliest of:

1.  the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2.  the date this policy is no longer in force; or

3.  the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage to the vehicles for which symbol "A" and a corresponding premium are shown on the Declarations Page.

### Additional Definition

*Insured* means:

1.  *you* and *resident relatives* for:

    a.  the ownership, maintenance, or use of:

       (1)  *your car*;

       (2)  a *newly acquired car*; or

       (3)  a *trailer*; and

    b.  the maintenance or use of:

       (1)  a *non-owned car*; or

       (2)  a *temporary substitute car*;

2.  the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3.  any other *person* for his or her use of:

    a.  *your car*;

    b.  a *newly acquired car*;

    c.  a *temporary substitute car*; or

    d.  a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4.  any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability.  This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

### Insuring Agreement

1.  *We* will pay:

    a.  damages an *insured* becomes legally liable to pay because of:

       (1)  *bodily injury* to others; and

       (2)  damage to property

       caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

    b.  attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

c. court costs charged to an **_insured_** and resulting from that part of a lawsuit:

(1) that seeks damages payable under this policy's Liability Coverage; and

(2) against which **_we_** defend an **_insured_** with attorneys chosen by **_us_**.

**_We_** have no duty to pay attorney fees and court costs incurred after **_we_** deposit in court or pay the amount due under this policy's Liability Coverage.

2. **_We_** have the right to:

a. investigate, negotiate, and settle any claim or lawsuit;

b. defend an **_insured_** in any claim or lawsuit, with attorneys chosen by **_us_**; and

c. appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

**_We_** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the **_insured_** that accrues:

a. before a judgment, where owed by law, but only on that part of the judgment **_we_** pay; and

b. after a judgment. **_We_** will not pay interest on damages paid or payable by a party other than the **_insured_** or **_us_**.

**_We_** have no duty to pay interest that accrues after **_we_** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by **_us_**, required to appeal a decision in a lawsuit against an **_insured_**. **_We_** have no duty to:

a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after **_we_** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an **_insured_**:

a. Loss of wages or salary, but not other income, up to $200 for each day an **_insured_** attends, at **_our_** request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an **_insured_** at **_our_** request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an **_insured_** must be reported to **_us_** before **_we_** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for **_bodily injury_** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most **_we_** will pay for all damages resulting from **_bodily injury_** to any one **_person_** injured in any one accident, including all damages sustained by other **_persons_** as a result of that **_bodily injury_**. The limit shown under "Each Accident" is the most **_we_** will pay, subject to the limit for "Each Person", for all damages resulting from **_bodily injury_** to two or more **_persons_** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is

the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions**

THERE IS NO COVERAGE FOR AN *IN-SURED*:

1. WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY;

2. FOR *BODILY INJURY* TO:

   a. *YOU;*

   b. *RESIDENT RELATIVES*; AND

   c. ANY OTHER *PERSON* WHO BOTH RESIDES PRIMARILY WITH AN *INSURED* AND WHO:

      (1) IS RELATED TO THAT *INSURED* BY BLOOD, MARRIAGE, OR ADOPTION; OR

      (2) IS A WARD OR FOSTER CHILD OF THAT *INSURED*;

3. OR FOR THAT *INSURED'S* INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSA-TION, DISABILITY, OR SIMILAR LAW;

4. FOR *BODILY INJURY* TO THAT *IN-SURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that *insured's* household

employee who is neither covered, nor re-quired to be covered, under workers' com-pensation insurance;

5. FOR *BODILY INJURY* TO THAT *IN-SURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclu-sion does not apply to *you* and *resident relatives* who are legally liable for *bodily injury* to fellow employees;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

   a. *you*; or

   b. any *resident relative*

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;

9. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPO-RARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OC-CUPATION OTHER THAN A *CAR BUSI-NESS* OR VALET PARKING This exclusion does not apply to the mainte-nance or use of a *private passenger car*;

9

9838A

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

   a. ***OWNED BY***;

   b. RENTED TO;

   c. USED BY;

   d. IN THE CARE OF; OR

   e. TRANSPORTED BY

   ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

   a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If two or more Liability Coverages provided by the ***State Farm Companies*** to ***you*** or any ***resident relative*** apply to the same accident, then:

   a. such Liability Coverage limits will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such coverages combined is the single highest applicable limit provided by any one of the coverages. ***We*** may choose one or more coverages from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

   a. If:

     (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

     (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

   then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

10
9838A

b.  If:

  (1) more than one Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Liability Coverage which applies to the accident as primary coverage; and

  (2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

  then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3.  Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

  a.  If:

   (1) this is the only Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Liability Coverage which applies to the accident as excess coverage; and

   (2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

   then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b.  If:

  (1) more than one Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Liability Coverage which applies to the accident as excess coverage; and

  (2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

  then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

## Required Out-of-State Liability Coverage

If:

1.  an **insured** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2.  this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

## Financial Responsibility Certification

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

# FIRST PARTY COVERAGES

The coverages under this section are provided in accordance with and subject to the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended.

**Additional Definitions – Coverages C2, Q, Z, Y, and F**

*Bodily Injury* means accidental bodily harm to a *person* and that *person's* resulting illness, disease or death.

*First Party Benefits* means benefits paid or payable to an *insured* under Coverages C2, Q, Z, Y or F.

*Insured* means:

1. *you* and *resident relatives*; and

2. any other *person*:

   a. *occupying your car* or a *newly acquired car*; or

   b. not *occupying* a *motor vehicle* if injured as the result of an accident involving *your car*, or a *newly acquired car*.  A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

*Motor Vehicle* means a vehicle which is self-propelled except one which is propelled:

1. solely by human power; or

2. upon rails.

*Resident Relative* means:

1. *your* spouse;

2. anyone related to *you* by blood, marriage or adoption; and

3. a minor in the custody of *you*, *your spouse* or a *resident relative*

resident in *your* household, even if temporarily residing elsewhere.

**MEDICAL PAYMENTS – COVERAGE C2**

This policy provides Coverage C2 to the vehicles for which symbol "C2" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage C2**

*We* will pay for medical expenses for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services.  This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the *bodily injury*; or

2. without limitation as to time, provided that, within 18 months from the date of the accident causing the *bodily injury*, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury*.

The amount *we* will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

## EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q

This policy provides Coverage Q to the vehicles for which symbol "Q" and a corresponding premium are shown on the Declarations Page.

### Insuring Agreement and Limits– Coverage Q

*We* will pay up to the lifetime aggregate limit of $1,000,000 for those reasonable medical expenses which exceed $100,000. The medical expense must be for ***bodily injury*** to an ***insured*** caused by accident arising out of the maintenance or use of a ***motor vehicle***.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the ***bodily injury***; or

2. without limitation as to time, provided that within 18 months from the date of the accident causing the ***bodily injury***, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the ***bodily injury***.

The most ***we*** will pay in any 12 month period beginning 18 months after the date the ***insured's*** reasonable medical expenses exceed $100,000 as a result of the ***bodily injury*** is $50,000.

These expenses must be:

1. for:

    a. services performed, or

    b. medical supplies, medication or drugs prescribed

    by a medical provider licensed by the state to provide the specific medical services; and

2. for diagnosis, direct care or treatment of the ***bodily injury***. The diagnosis, direct care or treatment must be:

    a. within the standards of good medical practice, and

    b. not primarily for the convenience of the patient or medical provider.

*We* have the right to make or obtain an independent review of the medical expenses and services performed to determine if they are reasonable and necessary for the ***bodily injury*** sustained.

The amount ***we*** will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

1. FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL OR REHABILITATIVE PURPOSE; OR

2. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSIONS AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE ***BODILY INJURY***.

## LOSS OF INCOME – COVERAGE Z

This policy provides Coverage Z to the vehicles for which "Z" with a number beside it and a corresponding premium are shown on the Declarations Page.  "Z" with a number beside it is *your* coverage symbol.  Check *your* coverage symbol with the Coverage Z schedule in this provision for the limits *you* have chosen.

### Insuring Agreement – Coverage Z

*We* will pay income loss benefits with respect to *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*.  Income loss benefits are:

1.  80% of the *insured's* actual loss of gross income from work the *insured* would have performed except for the *bodily injury*;

2.  reasonable expenses actually incurred for:

    a.  hiring a substitute to perform self-employment services to reduce loss of gross income; or

    b.  hiring special help thereby enabling the *insured* to work and reduce loss of gross income.

Income loss benefits do not include:

1.  loss of expected income for any period following the death of an *insured*;

2.  expenses incurred for services performed following the death of an *insured*; or

3.  any loss of income during the first five working days the *insured* did not work after the accident because of the *bodily injury*.

### Schedule – Coverage Z

| Coverage Symbol | Maximum Payable Per Month | Total Maximum Benefits |
|---|---|---|
| Z1 | $1,000 | $ 5,000 |
| Z2 | 1,000 | 15,000 |
| Z3 | 1,500 | 25,000 |
| Z4 | 2,500 | 50,000 |

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y

This policy provides Coverage Y to the vehicles for which "Y" with a number beside it and a corresponding premium are shown on the Declarations Page.  "Y" with a number beside it is *your* coverage symbol.  Check *your* coverage symbol with the Coverage Y schedule in this provision for the limits *you* have chosen.

### Additional Definition – Coverage Y

*Loss* means the *loss* of:

1.  the foot or hand, cut off through or above the ankle or wrist; or

2.  the whole thumb or finger; or

3.  all sight.

### Insuring Agreement – Coverage Y

*We* will pay the amount shown in the schedule that applies for death of, or *loss* to, an *insured* arising out of the maintenance or use of a *motor vehicle*.  The death or *loss* must be the direct result of the accident and not due to any other cause.  The death must occur within 24 months from the date of the accident.  If the death occurs within 24 hours after the accident, *we* will pay only the amount that applies to death.  *Loss* must occur within 90 days of the accident.

### Schedule – Coverage Y

| Coverage Symbol | Y1 | Y2 | Y3 |
|---|---|---|---|
| Death | $5,000 | $10,000 | $25,000 |
| **Loss** of: hands, feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 | 25,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 | 12,500 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 | 7,500 |
| any two fingers | 1,000 | 2,000 | 5,000 |

**Payments of Benefits – Coverage Y**

The death benefit shall be paid to the executor or administrator of the **insured's** estate.

**FUNERAL BENEFITS – COVERAGE F**

This policy provides Coverage F to the vehicles for which symbol "F" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage F**

**We** will pay for funeral expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of an **insured**. The death must be the result of the accident. The expenses must be incurred within 24 months from the date of the accident.

**Limits – Coverage C2**

The amount of coverage for medical expenses is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person".

**Limits – Coverage Z**

The most **we** will pay an **insured** for income loss benefits per month and in the aggregate are shown in the coverage Z schedule next to **your** coverage symbol.

**Limits – Coverage Y**

The amount **we** will pay because of the death of the **insured** is shown under **your** coverage symbol in the Coverage Y schedule. The maximum amount payable to an **insured** for all **loss**, as shown in the schedule, shall not exceed the death benefit amount shown for **your** coverage symbol.

The amount shown in the schedule for death of or **loss** to the **insured** is doubled for an **insured** who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

**Limits – Coverage F**

The amount of coverage for funeral expenses is shown on the Declarations Page under "Funeral Benefits Coverage – Limit – Each Person".

**Limits – Coverages C2, Q, Z, Y, and F**

These coverages are excess over, but shall not duplicate, any amount paid or payable to or for the **insured** under any workers' compensation law.

**Priorities for the Payment of First Party Benefits – Coverages C2, Q, Z, Y, and F**

1. When more than one policy applies, the **person** who suffers **bodily injury** shall recover **first party benefits** against applicable insurance coverage in the following order of priority:

   a. The policy on which the **person** is a named insured.

   b. The policy providing coverage because the **person** is residing in the household of a named insured and is:

(1) a spouse or other relative of a named insured; or

(2) a minor in the custody of either a named insured or a relative of a named insured.

c. The policy covering the *motor vehicle occupied* by the injured *person* at the time of the accident.

d. For a *person* who is not the occupant of a *motor vehicle*, the policy on any *motor vehicle* involved in the accident. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

2. THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL.   Item a. above is considered the highest priority. Item d. is the lowest priority.

3. Subject to the above, if an *insured* is entitled to *first party benefits* under more than one coverage, the maximum recovery under all coverages for any *first party benefit* will not exceed the amount payable under the coverage with the highest limit of liability for that *first party benefit*.

**Exclusions – Coverages C2, Q, Z, Y, and F**

THERE IS NO COVERAGE FOR *BODILY INJURY*:

1. TO ANY *PERSON* WHOSE CONDUCT CONTRIBUTED TO HIS OR HER *BODILY INJURY* IN ANY OF THE FOLLOWING WAYS:

    a. WHILE INTENTIONALLY INJURING OR ATTEMPTING TO INJURE HIMSELF, HERSELF OR ANOTHER;

    b. WHILE COMMITTING A FELONY; OR

    c. WHILE SEEKING TO ELUDE LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

2. TO ANY *PERSON* WHO KNOWINGLY CONVERTS A *MOTOR VEHICLE* if the *bodily injury* arises out of the maintenance or use of the converted vehicle.  This does not apply to *you* or any *resident relative*.

3. TO ANY *PERSON* WHO OWNS A CURRENTLY REGISTERED *MOTOR VEHICLE* AND DOES NOT HAVE THE REQUIRED FINANCIAL RESPONSIBILITY, EVEN IF THAT *PERSON* IS *OCCUPYING* OR STRUCK BY A *MOTOR VEHICLE* FOR WHICH FINANCIAL RESPONSIBILITY IS PROVIDED.  This does not apply to *you* or *your spouse* while *occupying* a vehicle insured under the liability coverage of this policy or when struck as a *pedestrian*.

4. TO ANY *PERSON* WHILE OPERATING OR *OCCUPYING*:

    a. A RECREATIONAL VEHICLE NOT INTENDED FOR HIGHWAY USE; OR

    b. A MOTORCYCLE, MOTOR-DRIVEN CYCLE, MOTORIZED PEDALCYCLE OR LIKE TYPE VEHICLE REQUIRED TO BE REGISTERED UNDER TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES.

**Mental or Physical Examination – Coverages C2, Q, Z, Y, and F**

Whenever the mental or physical condition of a *person* is material to any claim for medical expenses or income loss benefits, a court of competent jurisdiction may order the *person* to submit to mental or physical examination by a physician.  If a *person* fails to comply with the order, the court may order that the *person* be denied benefits until he or she complies.

**COMBINED BENEFITS – COVERAGE M**

This policy provides Coverage M to the vehicles for which symbol "M" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage M**

*We* will pay for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*:

1. Medical expenses as payable under Coverage C2;

2. Income loss benefits as payable under Coverage Z;

3. The benefits as payable under Coverage Y3; and

4. Funeral expenses as payable under Coverage F.

**Limits – Coverage M**

1. The aggregate limit of liability is shown on the Declarations Page under "Combined Benefits Coverage – Limit – Each Person". This is the maximum amount payable for *bodily injury* to an *insured* as the result of an accident.

2. The most *we* will pay to or for an *insured* is as follows:

| Benefit | Limit |
|---|---|
| Medical Expenses | Up to the Aggregate Limit |
| Income Loss | Up to the Aggregate Limit |
| Death | $25,000 |
| Funeral Expenses | Up to $2,500 |

3. Any amount payable for medical expenses greater than $100,000 shall be excess over any amount paid or payable under Extraordinary Medical Payments – Coverage Q.

**Time Limitation – Coverage M**

Subject to the limit of liability:

1. benefits are only payable for expenses and loss incurred up to three years from the date of the accident.

2. the death benefit is payable only if death occurs within three years of the date of the accident.

**Other Provisions – Coverage M**

Except as amended above, all provisions relating to Coverages C2, Z, Y, and F apply to expense, loss or death benefits of Coverage M.

**UNINSURED MOTOR VEHICLE COVERAGES**

This policy provides Uninsured Motor Vehicle – Coverage U (Stacking Option) to the vehicles for which symbol "U" and a corresponding premium are shown on the Declarations Page.

This policy provides Uninsured Motor Vehicle – Coverage U3 (Non-Stacking Option) to the vehicles for which symbol "U3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages U and U3**

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

   a. *your car*, a *temporary substitute car*, or a trailer attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle

which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy.  Such vehicle has to be used within the scope of *your* consent; or

b.  a *newly acquired car* or a trailer attached to such a *car*.  If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced.  If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*.  Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4.  any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Uninsured Motor Vehicle* means a land motor vehicle:

1.  the ownership, maintenance, and use of which is:

a.  not insured or bonded for bodily injury liability at the time of the accident; or

b.  insured or bonded for bodily injury liability at the time of the accident, but

(1)  the limits are less than required by the financial responsibility act of Pennsylvania; or

(2)  the insuring company:

(a)  denies that its policy provides liability coverage for compensatory damages that result from the accident; or

(b)  is or becomes insolvent; or

2.  the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*.  If there is no physical contact between that land motor vehicle and the *insured* or the vehicle the *insured* is *occupying*, then the facts of the accident must be corroborated by a disinterested *person* who witnessed the accident.  *You*, *resident relatives*, and *persons occupying* the same vehicle as the *insured* are not disinterested *persons*.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1.  whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2.  *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3.  *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;

4.  designed for use primarily off public roads except while on public roads; or

5.  while located for use as a dwelling or other premises.

**Insuring Agreement – Coverages U and U3**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1.  sustained by an *insured*; and

2.  caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

**Consent to Settlement – Coverages U and U3**

The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle,* and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount – Coverages U and U3**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

      (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

      (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

         (a) *us*;

         (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

         (c) any other party or parties who may be legally liable for the *insured's* damages;

      (2) consent to a jury trial if requested by *us*;

      (3) agree that *we* may contest the issues of liability and the amount of damages; and

      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages U and U3**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.

19
9838A

These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made; or

3. *uninsured motor vehicles* involved in the accident.

### Limits – Coverage U3

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

### Nonduplication – Coverages U and U3

*We* will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

### Exclusions – Coverages U and U3

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

### Exclusions – Coverage U

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED* IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions – Coverage U3**

THERE IS NO COVERAGE FOR AN *IN-SURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U**

1. If uninsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car*.

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage on a primary basis.

   b. on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U3**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources

other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages U and U3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGES

This policy provides Underinsured Motor Vehicle – Coverage W (Stacking Option) to the vehicles for which symbol "W" and a corresponding premium are shown on the Declarations Page.

This policy provides Underinsured Motor Vehicle – Coverage W3 (Non-Stacking Option) to the vehicles for which symbol "W3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages W and W3**

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

    a. *your car*, a *temporary substitute car*, or a trailer attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

    b. a *newly acquired car* or a trailer attached to such a *car*. If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*. Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Underinsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:

    a. insured or bonded for bodily injury liability at the time of the accident; or

    b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:

    a. are less than the amount of the *insured's* damages; or

    b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages.

*Underinsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3. designed for use primarily off public roads except while on public roads;

4. while located for use as a dwelling or other premises; or

5. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement – Coverages W and W3**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the ownership, maintenance, or use of an *underinsured motor vehicle* as a motor vehicle.

*We* will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's bodily injury* have been used up by payment of judgments or settlements, or have been offered to the *insured* in writing.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

**Consent to Settlement – Coverages W and W3**

The *insured* must inform *us* of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the *underinsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *underinsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *underinsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount – Coverages W and W3**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

   (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle*?

   (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

   (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

      (a) *us*;

      (b) the owner and driver of the *underinsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

      (c) any other party or parties who may be legally liable for the *insured's* damages;

   (2) consent to a jury trial if requested by *us*;

   (3) agree that *we* may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

24
9838A

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages W and W3**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

      (1) the limit shown under "Each Person"; or

      (2) the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

   b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for *bodily injury* made to all *insureds* by or on behalf of any *person* or

organization who is or may be held legally liable for the *bodily injury*.

2. These Underinsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

   a. *insureds*;

   b. claims made; or

   c. *underinsured motor vehicles* involved in the accident.

**Limits – Coverage W3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages W and W3**

*We* will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions – Coverages W and W3**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN ***INSURED*** IF THE ***BODILY INJURY*** IS NOT A ***SERIOUS INJURY*** AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage W**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THAT ***INSURED*** IF THE VEHICLE IS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions – Coverage W3**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W**

1. If underinsured motor vehicle coverage for ***bodily injury*** is available to an ***insured*** from more than one policy provided by ***us*** or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the ***insured*** sustains ***bodily injury*** while not ***occupying*** a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the ***insured*** was ***occupying*** when the ***bodily injury*** was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the ***insured*** sustains ***bodily injury*** while ***occupying*** a vehicle other than ***your car.***

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for ***bodily injury:***

   a. on a primary basis, ***we*** are liable only for our share. ***Our*** share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all

applicable underinsured motor vehicle coverage on a primary basis.

b. on an excess basis, *we* are liable only for our share. ***Our*** share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

   then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

27
9838A

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages W and W3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

to the vehicles for which the corresponding symbols and premiums are shown on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page.  The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and

28
9838A

6. a **non-owned trailer** and a **non-owned camper** while it is being used by an **insured**;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of **trailers** and campers must be securely fixed as a permanent part of the **trailer** or camper.

**Daily rental charge** means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

**Insured** means **you** and **resident relatives**.

**Loss** means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a **covered vehicle**. **Loss** does not include any reduction in the value of any **covered vehicle** after it has been repaired, as compared to its value before it was damaged.

**Loss Caused By Collision** means a **loss** caused by:

1. a **covered vehicle** hitting or being hit by another vehicle or other object; or

2. the overturning of a **covered vehicle**.

Any **loss** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a **Loss Caused By Collision**.

**Non-Owned Camper** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an **insured** and that neither:

1. is **owned by**:

   a. an **insured**;

   b. any other **person** who resides primarily in **your** household; or

   c. an employer of any **person** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an **insured** during any part of each of the 31 or more consecutive days immediately prior to the date of the **loss**.

**Non-Owned Trailer** means a **trailer** that is in the lawful possession of an **insured** and that neither:

1. is **owned by**:

   a. an **insured**;

   b. any other **person** who resides primarily in **your** household; or

   c. an employer of any **person** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an **insured** during any part of each of the 31 or more consecutive days immediately prior to the date of the **loss**.

**Insuring Agreements**

1. **Comprehensive Coverage**

   **We** will pay:

   a. for **loss**, except **loss caused by collision**, to a **covered vehicle**; and

   b. transportation expenses incurred by an **insured** as a result of the total theft of **your car** or a **newly acquired car**. These transportation expenses are payable:

      (1) during the period that:

         (a) starts on the date **you** report the theft to **us**; and

         (b) ends on the earliest of:

            (i) the date the vehicle is returned to **your** possession in a drivable condition;

            (ii) the date **we** offer to pay **you** for the **loss** if the vehicle has not yet been recovered; or

29
9838A

(iii) the date *we* offer to pay *you* for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

**2.  Collision Coverage**

*We* will pay for *loss caused by collision* to a *covered vehicle*.

**3.  Emergency Road Service Coverage**

*We* will pay the fair cost incurred by an *insured* for:

a.  up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b.  towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c.  towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d.  delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition.  *We* do not pay the cost of the gas, oil, battery, or tire; and

e.  up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

**4.  Car Rental and Travel Expenses Coverage**

**a.  Car Rental Expense**

*We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay the *daily rental charge* incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the *loss*; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date *we* offer to pay *you* for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

(c) five days after *we* offer to pay *you* for the *loss* if the vehicle is:

(i) a total loss as determined by *us*; or

(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

**b.  Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not

30
9838A

drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

    (a) starts after the *loss* occurs; and

    (b) ends on the earlier of:

        (i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

        (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive deductible or collision deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

    a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

    b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable.

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

    a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

    b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

   (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

   (b) A bid or repair estimate approved by ***us***; or

   (c) A repair estimate that is written based upon or adjusted to:

       (i) the prevailing competitive price;

       (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

       (iii) a combination of (i) and (ii) above.

   The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

   ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

   (a) The owner and ***we*** will each select a competent appraiser.

   (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

   (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred

by that party.  Both parties will share equally the cost of the third appraiser.

    (d) The appraisers shall only determine the actual cash value of the ***covered vehicle***.  Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

    (e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

    (f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

  (2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it.  If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

  c.  Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2.  The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3.  The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1.  Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

  a.  The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***.  If:

    (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

    (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

  b.  Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2.  Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3.  Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1.  ANY ***COVERED VEHICLE*** THAT IS:

33

9838A

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN *INSURED*;

2. ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3. ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY *COVERED VEHICLE* DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF THE *COVERED VEHICLE* WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7. *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY *COVERED VEHICLE* THAT ARE DUE TO THE EXISTENCE OF *FUNGI*;

8. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT *COVERED VEHICLE* BY ANY GOVERNMENTAL AUTHORITY;

10. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM WAR OF ANY KIND;

11. *YOUR CAR* WHILE SUBJECT TO ANY:

a. LIEN AGREEMENT;

b. RENTAL AGREEMENT;

c. LEASE AGREEMENT; OR

d. SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY *NON-OWNED CAR* WHILE IT IS:

a. BEING MAINTAINED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS*. This exclusion (12.b.) does not apply to a *private passenger car*;

34

9838A

13. ANY PART OR EQUIPMENT OF A *COVERED VEHICLE* IF THAT PART OR EQUIPMENT:

  a. FAILS OR IS DEFECTIVE; OR

  b. IS DAMAGED AS A DIRECT RESULT OF:

    (1) WEAR AND TEAR;

    (2) FREEZING; OR

    (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAK-DOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

  This exclusion does not apply if the *loss* is the result of theft of the *covered vehicle*;

14. ANY PART OR EQUIPMENT:

  a. THAT IS NOT LEGAL FOR USE IN OR ON THE *COVERED VEHICLE* IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED; OR

  b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE *COVERED VEHICLE*.

  However, if there is a legal version of the part or equipment that is necessary for the safe operation of the *covered vehicle*, then *we* will pay the cost that *we* would otherwise have paid to repair the vehicle with the legal version of the part or equipment. *We* will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES.  This exclusion does not apply if:

  a. *loss* is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

  b. *loss caused by collision* to another part of the *covered vehicle* causes *loss* to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

  a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

  b. *OWNED BY* AN *INSURED*; AND

  c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY *COVERED VEHICLE* WHILE IT IS:

  a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

  b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.  This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same *loss* or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that *loss* or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an *insured* by one or more of the *State Farm Companies* apply to the same *loss* or expense, then only one policy applies. *We* will select a policy that pays the most for the *loss* or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a *loss* to *your car*.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as primary that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as excess that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in *your car*. Coverage for the creditor's interest is only provided for a *loss* that is payable to *you*.

However, if this policy is cancelled or non-renewed, then *we* will provide coverage for the creditor's interest until *we* notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a *loss* that would have been payable to *you* if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date *we* mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If *we* pay such creditor, then *we* are entitled to the creditor's right of recovery against *you* to the extent of *our* payment. *Our* right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle owned by you*:

      (1) *You*;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle* not *owned by you*:

      (1) *You*;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

36
9838A

**2. Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

*We* may, at *our* option, make payment to one or more of the following:

a. *You*;

b. The *insured* who incurred the expense; or

c. Any party that provided the service for which payment is owed.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible.  The notice must give *us*:

a. *your* name;

b. the names and addresses of all *persons* involved in the accident or *loss*;

c. the hour, date, place, and facts of the accident or *loss*; and

d. the names and addresses of witnesses to the accident or *loss*.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The *insured* must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.  This does not apply under the First Party Coverages if *we* fail to supply the forms within 10 days after receiving the notice of claim.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each *insured*;

b. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages, each *insured*, or any other *person* or organization making claim or seeking payment; and

c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require.  Such *person* or organization must answer questions under oath, asked by

37
9838A

anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the *covered vehicle* must:

a. protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b. make a prompt report to the police when the *loss* is the result of theft;

c. allow *us* to:

   (1) inspect any damaged property before its repair or disposal;

   (2) test any part or equipment before that part or equipment is removed or repaired; and

   (3) move the *covered vehicle* at *our* expense in order to conduct such inspection or testing;

d. provide *us* all:

   (1) records;

   (2) receipts; and

   (3) invoices

   that *we* request and allow *us* to make copies; and

e. not abandon the *covered vehicle* to *us*.

**6. Other Duties Under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages**

A *person* making claim under:

a. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

b. First Party Coverages must authorize *us* to obtain all medical bills, reports, and records. If the *person* is dead or unable to act, his or her legal representative shall give *us* the authorization;

c. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

   (1) be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

   (2) provide written authorization for *us* to obtain:

      (a) medical bills;

      (b) medical records;

      (c) wage, salary, employment, tax, business, and financial information; and

      (d) any other information *we* deem necessary to substantiate the claim.

   If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

   If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request

38
9838A

the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(3) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

(4) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files

a lawsuit against the party liable for the accident; and

d. Uninsured Motor Vehicle Coverages must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police as soon as practicable and to ***us*** within 30 days or as soon as practicable.

## GENERAL TERMS

### 1. When Coverage Applies

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

### 2. Where Coverage Applies

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

### 3. Newly Owned or Newly Leased Car

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace a ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for separate coverage to insure the ***car*** newly ***owned by you***. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

   *We* may only change the provisions of this policy by:

   (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

   (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Pennsylvania without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

   (1) No change of interest in this policy is effective unless *we* consent in writing.

   (2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

   (a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

   (b) the legal representative of the deceased named insured.

   This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

   Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

   c. **Joint and Individual Interests**

   If *you* consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

5. **Premium**

   a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

   b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

   c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

   d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

   (1) ***Your car***, or its use, including annual mileage;

   (2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

   (3) ***Your*** marital status; or

   (4) The location where ***your car*** is primarily garaged.

   If the above information or any other information used to determine the premium is incorrect, incomplete,

changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

**6. Renewal**

*We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If *we* decide not to renew this policy:

a. because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

b. for any other reason, then at least 60 days before the end of the current policy period

*we* will mail or deliver a nonrenewal notice to the most recent address provided to *us* by *you* as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

*You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

**b. How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent address provided to *us* by *you* as the policy address. The notice

will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If *we* mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due or a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period

then the date cancellation is effective will be at least 15 days after the date *we* mail or deliver the cancellation notice.

(2) If *we* mail or deliver a cancellation notice after this policy has been in force for more than 59 days and because the insured has misrepresented or concealed facts material to *our* acceptance of the risk, then the date cancellation is effective will be at least 60 days after the date *we* mail or deliver the cancellation notice.

(3) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) a named insured has had his or her driver's license or motor vehicle registration under suspension or revocation during the policy period. If *we* cancel this policy solely because a named insured's driver's license was suspended or revoked due to such named

41
9838A

insured's failure to respond to a citation, *we* will reinstate this policy to provide continuous coverage if *you* furnish to *us*, before the cancellation effective date, proof that such named insured has:

(i) responded to all citations; and

(ii) paid all fines and penalties in connection with them; or

(c) the insured has misrepresented or concealed facts material to *our* acceptance of the risk.

**c.  Return of Unearned Premium**

If *you* cancel this policy, then premium may be earned on a short rate basis.  If *we* cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium will be returned at the time of cancellation or within:

(1) 30 days after *we* cancel this policy; or

(2) a reasonable time after cancellation if *you* cancel this policy.

Delay in the return of any unearned premium does not affect the cancellation date.

**9.  Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

**10.  Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve *us* of *our* obligations under this policy.

**11.  Concealment or Fraud**

There is no coverage under this policy if *you* or any other ***person*** insured under this policy has made false statements with the

intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12.  Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by *us*.  Under all other coverages the following apply:

**a.  Subrogation**

If *we* are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The ***person*** or organization to or for whom *we* make payment must help *us* recover *our* payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents *we* may need to assert that legal right; and

(3) taking legal action through *our* representatives when *we* ask.

**b.  Reimbursement**

If *we* make payment under this policy and the ***person*** or organization to or for whom *we* make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

**13.  Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy.  In addition, legal action may only be brought against *us* regarding:

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and *us*.

b. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages if the *insured* or that *insured's* legal representative within two years immediately following the date of the accident:

(1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to *us*; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured Motor Vehicle Coverages or Underinsured Motor Vehicle Coverages for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

**14. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Pennsylvania will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

43
9838A

Policy Form 9838A

**6128DM AMENDATORY ENDORSEMENT**

This endorsement is a part of the policy.  Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

    *Newly Acquired Car* is changed to read:

    > *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.

    > A *car* ceases to be a *newly acquired car* on the earlier of:

    > 1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

    > 2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

    > The broadest coverage provided by this policy for any *car* shown on the Declarations Page under "YOUR CAR" will apply to a *newly acquired car*.

    > If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

2. **LIABILITY COVERAGE**

    a. **Additional Definition**

    Item 4. of *Insured* is changed to read:

    > *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability.  This provision applies only if the vehicle is:

    a. neither *owned by*, nor hired by, that other *person* or organization; and

    b. neither available for, nor being used for, carrying *persons* for a charge.

    b. **Exclusions**

    (1) Exclusion 7. is changed to read:

    > THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS:

    > a. MADE AVAILABLE; OR

    > b. BEING USED

    > TO CARRY *PERSONS* FOR A CHARGE.  This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

    (2) The language in exclusion 11. that reads:

    > This exclusion does not apply to damage to a:

    > (1) motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

    > (2) residence while rented to or leased to an *insured*; or

    > (3) private garage while rented to or leased to an *insured*;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

is changed to read:

> This exclusion does not apply to damage to a:
>
> (1) motor vehicle **owned by** the employer of **you** or the employer of any **resident relative** if such damage is caused by an **insured** while operating another motor vehicle;
>
> (2) residence while rented to or leased to an **insured**; or
>
> (3) private garage while rented to or leased to an **insured**;

3. **FIRST PARTY COVERAGES**

   a. **Additional Definitions – Coverages C2, Q, Z, Y, and F**

      **Resident Relative** is changed to read:

      > **Resident Relative** means:
      >
      > 1. **your** spouse;
      >
      > 2. anyone related to **you** by blood, marriage or adoption; and
      >
      > 3. a minor in the custody of **you**, **your** spouse or a **person** described in 2. above
      >
      > if a resident in **your** household, even if temporarily residing elsewhere.

   b. **MEDICAL PAYMENTS COVERAGE – COVERAGE C2 AND EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q**

      The following is added:

      > THERE IS NO COVERAGE FOR:
      >
      > 1. **YOU** AND **RESIDENT RELATIVES** WHILE:
      >
      >    a. PROVIDING TRANSPORTATION NETWORK SERVICES; OR

      > b. **OCCUPYING YOUR CAR**, A **NEWLY ACQUIRED CAR**, OR A **TEMPORARY SUBSTITUTE CAR** WHILE SUCH **CAR** IS BEING USED TO PROVIDE TRANSPORTATION NETWORK SERVICES; OR
      >
      > 2. ANY OTHER **INSURED** WHO IS EITHER:
      >
      >    a. **OCCUPYING**; OR
      >
      >    b. NOT **OCCUPYING** A **MOTOR VEHICLE**, BUT IS INJURED AS THE RESULT OF AN ACCIDENT INVOLVING
      >
      >    **YOUR CAR** OR A **NEWLY ACQUIRED CAR** WHILE SUCH **CAR** IS BEING USED TO PROVIDE TRANSPORTATION NETWORK SERVICES.

4. **PHYSICAL DAMAGE COVERAGES**

   a. The paragraph that reads:

      > If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

      is changed to read:

      > **Deductible**
      >
      > 1. A Comprehensive Coverage deductible applies to those vehicles for which a deductible and a corresponding coverage symbol and premium are shown on the Declarations Page. However, **we** will not deduct more than $500 for any **loss** to a **newly acquired car**.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

2. A Collision Coverage deductible applies to those vehicles for which a deductible and a corresponding coverage symbol and premium are shown on the Declarations Page. However, *we* will not deduct more than $500 for any *loss caused by collision* to a *newly acquired car*.

b. **Insuring Agreements**

**Car Rental and Travel Expenses Coverage**

Item 4.a. **Car Rental Expense** is changed to read:

**Car Rental Expense**

*We* will pay the *daily rental charge* incurred when an *insured* rents a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay this *daily rental charge* incurred during a period that:

(1) starts on the date:

　(a) the vehicle is not drivable as a result of the *loss*; or

　(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

　(a) the date the vehicle has been repaired or replaced;

　(b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

　(c) seven days after *we* offer to pay for the *loss* if the vehicle is:

　　(i) a total loss as determined by *us*; or

　　(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by an *insured* must be reported to *us* before *we* will pay such amount.

c. **Exclusions**

Exclusion 3. is changed to read:

THERE IS NO COVERAGE FOR ANY ***COVERED VEHICLE*** WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

5. **INSURED'S DUTIES**

a. Item 6.c.(2) is changed to read:

A *person* making claim under:

a. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

　(2) provide written authorization for *us* to obtain medical bills, medical records, wage information, salary information, employment information, and any other information *we* deem necessary to substantiate the claim.

Such authorizations must not:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6128DM

(a) restrict *us* from performing *our* business functions in:

   (i) obtaining records, bills, information, and data; nor

   (ii) using or retaining records, bills, information, and data collected or received by *us*;

(b) require *us* to violate federal or state laws or regulations;

(c) prevent *us* from fulfilling *our* data reporting and data retention obligations to insurance regulators; or

(d) prevent *us* from disclosing claim information and data:

   (i) to enable performance of *our* business functions;

   (ii) to meet *our* reporting obligations to insurance regulators;

   (iii) to meet *our* reporting obligations to insurance data consolidators; and

   (iv) as otherwise permitted by law.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

b. The following is added to item 6.:

A *person* making claim under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must submit to *us* all information *we* need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The following is added to **Newly Owned or Newly Leased Car**:

If a *resident relative* wants to insure a *car* newly *owned by* the *resident relative* with the *State Farm Companies* after that *car* ceases to be a *newly acquired car*, then the *resident relative* must apply to the *State Farm Companies* for a separate policy to insure the *car* newly *owned by* the *resident relative*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b. The following are added to **GENERAL TERMS**:

**Electronic Delivery**

With *your* consent, *we* may, if allowed by law, electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

6128DM
©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

**Our Rights Regarding Claim Information**

a. *We* will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of *our* business functions.

b. Subject to a. above, *we* will not be restricted in or prohibited from:

   (1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

   (2) using any of the items described in item b.(1) above; or

   (3) retaining:

      (a) any of the items in item b.(1) above; or

      (b) any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

c. *We* may disclose any of the items in item b.(1) above and any of the information described in item b.(3)(b) above:

   (1) to enable performance of *our* business functions;

   (2) to meet *our* reporting obligations to insurance regulators;

   (3) to meet *our* reporting obligations to insurance data consolidators;

   (4) to meet other obligations required by law; and

   (5) as otherwise permitted by law.

d. *Our* rights under a., b., and c. above shall not be impaired by any:

   (1) authorization related to any claim submitted under this policy; or

   (2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

6128DM